UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**CIVIL ACTION NO: 1:06CV-092-M**

**OSCAR CHERRY**                                                                                                 **PLAINTIFF**

**V.**

**CITY OF BOWLING GREEN, KENTUCKY**                                  **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Defendant, City of Bowling Green, Kentucky [DN 4], to dismiss the claims against it. Fully briefed, this matter stands ripe for decision. For the following reasons, Defendant's Motion to Dismiss is **DENIED**.

**I. BACKGROUND**

This case concerns the alleged unlawful treatment of Plaintiff, Oscar Cherry ("Cherry"), by his employer, the City of Bowling Green, Kentucky ("Bowling Green"). Plaintiff's allegations arise out of his own misconduct, for which he was punished by Bowling Green.

Plaintiff is employed as a Deputy Chief of the Bowling Green Fire Department. On May 3, 2005, Bowling Green brought disciplinary charges against the Plaintiff. On May 6, 2005, a hearing was held related to those charges. On May 9, 2005, Bowling Green found Plaintiff guilty of misconduct and punished him as a result.[1]

---

[1] In its motion to dismiss, Bowling Green provides further details as to Plaintiff's conduct. The Court cannot consider such facts, however, without converting the motion to dismiss into a motion for summary judgment, which the Court declines to do.

After the disciplinary action, Plaintiff received two letters from Gerry Brown ("Brown"), the Chief of the Bowling Green Fire Department. According to the Complaint, the letters imposed certain restrictions on Cherry which constituted further punishment or retaliation. According to Cherry, Bowling Green's initial punishment from the hearing is the exclusive remedy to which the Defendant was entitled. Thus, he alleges, that the punishment set forth in the two letters are "illegal, contrary to the policies procedures, and ordinances of the City of Bowling Green." Plaintiff further alleges that the letters constitute an unconstitutional "deprivation of [his] rights without affording him due process of law under the constitutions of the Commonwealth of Kentucky and the United States of America." Defendant now files this motion to dismiss.

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of its claim that would entitle it to relief. Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996), cert. denied, 520 U.S. 1251 (1997). A judge may not grant a Fed. R. Civ. P. 12(b)(6) motion based on a disbelief of a complaint's factual allegations. Wright v. MetroHealth Medical Center, 58 F.3d 1130, 1138 (6th Cir. 1995), cert. denied, 516 U.S. 1158 (1996). A Fed. R. Civ. P. 12(b)(6) motion tests whether the plaintiff has stated a claim for which the law provides relief. Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir. 1994).

The standard of review requires that a plaintiff plead more than bare legal conclusions. Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 726 (6th Cir. 1996). The complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Gazette, 41 F.3d at 1064. "In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Lillard, 76 F.3d at 726 (citation omitted). In deciding a motion to dismiss, the Court may consider all papers and exhibits appended to the complaint, as well as any matters of which judicial notice may be taken. Hirsch v. Arthur Anderson & Co., 72 F.3d 1085, 1092 (2d Cir. 1995).

### III. DISCUSSION

In its motion to dismiss, Defendant argues that KRS 95.460, which contains a 30-day limitations period for appeals from decisions such as the one made by Bowling Green on May 9, 2005, bars Plaintiff's claim. Plaintiff argues in his response that the Kentucky statute is inapplicable as he is not appealing Bowling Green's decision rendered on May 9th, but rather is seeking redress for constitutional violations arising out of the two letters Brown sent after that date. Defendant also argues that Plaintiff's § 1983 claim is time-barred, which Plaintiff disputes.

**A. Applicability of KRS 95.460**

The Plaintiff argues that this statute is inapplicable because he is not challenging Bowling Green's initial punishment but rather the alleged constitutional deprivations stemming from Brown's two letters. Defendant contends that the thirty-day limitations

period should nonetheless govern.

KRS 95.460(1) provides as follows:

Any member of the police or fire department in cities of the second and third classes or urban-county governments found guilty by the legislative body of any charge, as provided by KRS 95.450, may appeal to the Circuit Court of the county in which the city or urban-county government is located, but the enforcement of the judgment of the body shall not be suspended pending appeal. The notice of the appeal shall be filed not later than thirty (30) days after the date the legislative body makes its determination on the charge.

By its terms, the statute governs only appeals from adjudications of guilty by legislative bodies. If Brown's two letters merely restated some of the terms as set forth in the punishment upon the guilty finding without adding new terms, then the letter would have no real effect and KRS 95.460 should serve as a bar to Plaintiff's claim. However, the Plaintiff's Complaint alleges that Brown's letters added to the previous punishment imposed by the City Commission, thus, the Court finds that KRS 95.460 is not a proper basis for dismissal at this time.[2]

### B. Section 1983 and Statute of Limitations

Even if KRS 95.460 does not bar Plaintiff's claim, Defendant contends that the one-year statute of limitations applicable to claims for deprivation of constitutional rights under

---

[2]On this point, the Plaintiff states in his motion that the restrictions imposed by Brown were above and beyond those imposed by the City Commission. Defendant, in its reply, contends that the "memoranda did not impose new discipline on Cherry." Again, the Court will not attempt to resolve this factual dispute. Rather, it is sufficient to say, at this point, that if the facts are as Plaintiff alleges, then the Court sees no reason why KRS 95.460 should bar his claim.

§ 1983[3] bars his claim, as he waited for over a year to file the instant Complaint. Plaintiff contends that the statute of limitations is tolled under a "continuing violations" theory.

Because § 1983 does not contain a specific statute of limitations provision, the court must look to Kentucky law to determine the timeliness of Plaintiff's complaint. See Wilson v. Garcia, 471 U.S. 261, 266 (1985). For § 1983 actions originating in Kentucky, the applicable statute of limitations is one year. Collard v. Kentucky Bd of Nursing, 896 F.2d 179, 181112 (6th Cir. 1990). A "statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." Sevier v. Turner, 742 F.2d 262, 273. "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." Id. In deciding when a statute of limitations should begin to run, courts inquire as "to what event should have alerted the typical lay person to protect his or her rights." Hughes v. Vanderbilt Univ., 215 F.3d 543, 547 (6th Cir. 2000).

In this case, neither party disputes that Plaintiff filed his claim over a year after Brown sent him the two letters. The only remaining issue is whether Plaintiff's claim can be saved under a "continuing violation" theory.

The continuing violations doctrine is employed most commonly in Title VII cases and rarely extends to § 1983 actions. Sharpe v. Cureton, 319 F.3d 259, 267 (6th Cir. 2003).[4]

---

[3]42 U.S.C. § 1983 states in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State...subjects or causes to be subjected, any citizen...to the deprivation of any rights, privileges, or immunities secured by the Constitution...shall be liable..."

[4]Defendant argues that Sharpe v. Cureton, 319 F.3d 259 is on point, and the Court agrees with that basic premise. However, the factual record in that case was thoroughly developed. That is not the case here.

However, the Sixth Circuit has expressly chosen to extend the doctrine to claims arising under § 1983. Id.

In National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 107 (2002), the Supreme Court considered the viability of the "continuing violations" doctrine, which "allows courts to consider conduct that would ordinarily be time barred 'as long as the untimely incidents represent an ongoing unlawful employment practice.'" (internal quotations omitted). The Court stated,

> [D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180- or 300-day time period after the discrete discriminatory act occurred. The existence of past acts and the employee's prior knowledge of their occurrence, however, does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed. Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim.

Id. at 113.

After the Supreme Court's holding in Morgan, "even when they are related to acts alleged in timely filed charges," discrete discriminatory acts, such as those complained of by Plaintiff, are not actionable if they occurred outside the statutory period. Id.

The Sixth Circuit has previously recognized two distinct categories of continuing violations, namely, those alleging serial violations and those identified with a longstanding and demonstrable policy of discrimination:

> The first category arises where there is some evidence of present discriminatory activity giving rise to a claim of continuing violation such as

> where an employer continues to presently imposes [sic] disparate work assignments or gives unequal pay for equal work . . . . The second category of continuing violation arises where there has occurred a long-standing and demonstrable policy of discrimination. This requires a showing by a preponderance of the evidence that some form of intentional discrimination against the class of which plaintiff was a member was the company's standing operating procedure.

Sharpe, 319 F.3d at 266-67 (citations omitted).

In this case, the Plaintiff has alleged no facts which would allow him to invoke the continuing violations doctrine. The Court will grant Plaintiff thirty (30) days leave of Court to file an amended Complaint. If the Defendant wishes to challenge the sufficiency of the Complaint at that time, it may file a motion to dismiss. If the parties wish to engage in discovery before filing any dispositive motions, the Court will entertain a summary judgment motion at the appropriate time.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [DN 4] is **DENIED**.

cc: counsel of record
06cv-092Cherry