UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**CIVIL ACTION NO: 1:06CV-092-M**

**OSCAR CHERRY**                                                                                          **PLAINTIFF**

**V.**

**CITY OF BOWLING GREEN, KENTUCKY**                                        **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on a renewed motion by Defendant, City of Bowling Green, Kentucky, to dismiss the claims against it. Fully briefed, this matter stands ripe for decision. For the following reasons, Defendant's renewed Motion to Dismiss is **DENIED**.

### I. Background

This case concerns the alleged unlawful treatment of Plaintiff, Oscar Cherry ("Cherry"), by his employer, the City of Bowling Green, Kentucky ("City"). Plaintiff's allegations stem from the alleged punishment(s) imposed upon him by the City for Plaintiff's professional misconduct.

In his initial Complaint, Plaintiff alleged that in addition to the legitimate punishment imposed upon him via a disciplinary hearing before the Bowling Green City Commission, the City imposed other punishments upon him for his misconduct and that these punishments resulted in an "unconstitutional deprivation of the Plaintiff's rights without affording him due process of law under the constitutions of the Commonwealth of Kentucky and the United States of America." (Plaintiff's Initial Complaint, ¶ 9). In response to the City's first Motion to Dismiss based on statute of limitations grounds, the Court granted Plaintiff leave to file an Amended Complaint. Subsequently, the Plaintiff filed an Amended Complaint and Defendant now files this renewed Motion to Dismiss.

### II. Discussion

Defendant's renewed Motion, which alleges a continuing violation of his constitutional

rights, attacks the sufficiency of these allegations in three respects. First, the City argues that case law holds that the serial violation component of the continuing violations doctrine is no longer valid. Secondly, the City argues that Plaintiff has alleged mere conclusions of law, rather than facts, to support his claim. Lastly, the City argues that the Plaintiff only alleges that he continues to suffer from the *effects* of discriminatory acts which occurred outside the statutory limitations period.

The Court agrees with the City that the decisions of National Railroad Passenger Corporation v. Abner Morgan, 536 U.S. 101 (2002), and Sharpe v. Cureton, 319 F.3d 259, 266 (6th Cir. 2003), alter the application of the serial violations component of the continuing violations doctrine. Morgan holds that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." Morgan at 113. Accordingly, Sharpe holds that "plaintiffs are now precluded from establishing a continuing violation exception by proof that the alleged acts of discrimination occurring prior to the limitations period are sufficiently related to those occurring within the limitations period." Sharpe at 268. Thus, violations that occurred outside the statutory period are not actionable by Cherry even if classified as "continuing violations." In order to have an actionable claim, Cherry must allege and prove discrete discriminatory acts *within* the statutory period.

The City also argues that the allegations of the Plaintiff's Amended Complaint are insufficient due to their conclusory nature. A plaintiff is required to plead more than bare legal conclusions. Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 726 (6th Cir. 1996). The complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Gazette, 41 F.3d at 1064. "In practice, a....complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Lillard, 76 F.3d at 726. Further, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005).

In his Amended Complaint, the Plaintiff specifically alleges that the City "continues to presently impose disparate work assignments and other responsibilities among those similarly situated" as a punishment for his professional misconduct and in violation of his constitutional due process rights. (Amended Complaint, ¶ 8). According to the Plaintiff, the duty restrictions

initially imposed upon him by the May 2005 memoranda have continued into the present. (Id.) Although the Plaintiff's allegations are not extensive, they are *facts* and not mere legal conclusions. Ultimately, the federal court system's simplified notice pleading is "made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense..." Conley v. Gibson, 355 U.S. 41, 47-48 (1957). This simplified pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims. Swierkiewicz, 534 U.S. 506, 512 (2002). Therefore, the Court concludes the Amended Complaint meets the meager requirements of notice pleading.

Finally, the City contends that the only alleged constitutional violations - the imposition of the additional restrictions via the memoranda - occurred outside the limitations period and that Mr. Cherry has only suffered from the *effects* of those acts within the limitations period. Suffering the effects of a discriminatory act occurring outside the limitation period is not sufficient to establish a discriminatory act within the period. The Sixth Circuit has held a plaintiff may recover "where the plaintiff can show prior discriminatory activity that continues into the present, as opposed to prior discriminatory activity whose effects continue into the present." Bell v. Ohio State University, 351 F.3d 240, 247 (6th Cir. 2003). Several other courts have recognized that a plaintiff may not save an otherwise time-barred claim by alleging that effects of a violation have been felt within the statutory period. Cowell v. Palmer Township, 263 F.3d 286, 293 (3rd Cir. 2001) (claim time-barred even though defendants continued to deny reinstatement and a due process hearing after terminating plaintiff); Pike v. City of Mission, Kansas, 731 F.2d 655 (10th Cir. 1984) (claim time-barred where, after initial imposition of a lien, plaintiffs alleged violation was continuing until lien was lifted or expunged).

However, as noted above, the Plaintiff specifically alleges that the City "continues to presently impose disparate work assignments and other responsibilities among those similarly situated" as a punishment for his professional misconduct and in violation of his constitutional due process rights. Whether the proof shows this conduct to constitute separate and discrete discriminatory acts occurring within the limitations period or simply the effects of past discriminatory acts remains to be seen.

### III. Conclusion

The Court concludes that the Plaintiff has met the minimal pleading requirements of Fed. R. Civ.P. 8(a)(2) and has stated a claim upon which relief can be granted. For the foregoing reasons, Defendant's renewed Motion to Dismiss is **DENIED**.

cc: Counsel of Record